# EXHIBIT "A"



**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

DIGITAL RISK MORTGAGE SERVICES, LLC                                  05/13/2022
Katie Terry
Digital Risk
2301 Maitland Center Parkway, Suite 165
Maitland FL 32751

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

| | | Item: 2022-64 |
|---|---|---|

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:** | DIGITAL RISK MORTGAGE SERVICES, LLC | |
|---|---|---|---|
| 2. | **Title of Action:** | Stephanie Krueger vs. Digital Risk Mortgage Services, LLC, et al. | |
| 3. | **Document(s) Served:** | Summons<br>Complaint for Damages<br>Exhibit A<br>Civil Case Cover Sheet | |
| 4. | **Court/Agency:** | San Diego County Superior Court | |
| 5. | **State Served:** | California | |
| 6. | **Case Number:** | 37-2022-00017248-CU-OE-CTL | |
| 7. | **Case Type:** | Discrimination | |
| 8. | **Method of Service:** | Hand Delivered | |
| 9. | **Date Received:** | Thursday 05/12/2022 | |
| 10. | **Date to Client:** | Friday 05/13/2022 | |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Saturday 06/11/2022 | <u>CAUTION:</u> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Eric B. Kingsley<br>Encino, CA<br>818-990-8300 | |
| 13. | **Shipped To Client By:** | Email Only with PDF Link | |
| 14. | **Tracking Number:** | | |
| 15. | **Handled By:** | 051 | |
| 16. | **Notes:** | Also Attached:<br>* Notice of Case Assignment, etc.<br><br>Please note there are other Due Dates listed in the document | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** DIGITAL RISK MORTGAGE SERVICES, LLC, a
*(AVISO AL DEMANDADO):*corporation; DOES 1 to 50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** STEPHANIE KRUGER, an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/06/2022** at 10:02:42 AM

Clerk of the Superior Court
By Nora Lopez,Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Superior Court of the State of California for the County of *(El nombre y dirección de la corte es):*San Diego - Central Division - Hall of Justice 330 W Broadway San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):* 37-2022-00017248-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* KINGSLEY & KINGSLEY, APC
ERIC B. KINGSLEY, Esq., (SBN 185123) eric@kingsleykingsley.com; LIANE KATZENSTEIN STEIN LY, Esq., (SBN 259230) liane@kingsleykingsley.com
JESSICA L. ADLOUNI, Esq., (SBN 328571) jessica@kingsleykingsley.com  16133 Ventura Blvd., Suite 1200, Encino, CA 91436  Tel: (818) 990-8300

| DATE: | 05/09/2022 | Clerk, by | N. Lopez | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  **Digital Risk Mortgage Services, LLC, a Corporation**

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☑ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., (SBN 185123)
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY., Esq., (SBN 259230)
liane@kingsleykingsley.com
JESSICA L. ADLOUNI, Esq., (SBN 328571)
jessica@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/06/2022** at 10:02:42 AM
Clerk of the Superior Court
By Nora Lopez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

STEPHANIE KRUEGER. an individual,

PLAINTIFF,

v.

DIGITAL RISK MORTGAGE SERVICES, LLC, a corporation; DOES 1 to 50, Inclusive,

DEFENDANT.

CASE NO.   37-2022-00017248-CU-OE-CTL

**COMPLAINT FOR DAMAGES FOR:**

1. Discrimination based on Sex (Gov. Code § 12940(a))
2. Retaliation (Gov. Code § 12940(h))
3. Retaliation (Lab. Code § 98.6)
4. Retaliation (Lab. Code § 1102.5)
5. Failure to Prevent Discrimination (Gov. Code § 12940(k))
6. Constructive Discharge as Wrongful Termination In Violation of Public Policy
7. Failure to Provide Meal Breaks Pursuant to Labor Code §§ 226.7 and 512
8. Failure to Reimburse Expenses Pursuant to Labor Code § 2802
9. Violation of Labor Code § 226(a)
10. Penalties Pursuant to Labor Code § 203
11. Violation of Business & Professions Code § 17200 et seq.

Plaintiff STEPHANIE KRUEGER ("Plaintiff") complains against Defendant DIGITAL RISK MORTGAGE SERVICES, LLC, a corporation, ("Defendant"); and DOES 1 through 50 (collectively "Defendants"), as follows:

## I.

## JURISDICTION & VENUE

1.    This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution and California Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

2.    This Court has personal jurisdiction over Defendant because Defendant has caused injuries in the County of San Diego and the State of California through their acts, and by their violation of the California Government Code, Labor Code, California state common law, and California Business & Professions Code § 17200, *et seq.*

3.    Venue as to each Defendants is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendant operates within California and does business within San Diego County. The unlawful acts alleged herein have a direct effect on Plaintiff within the State of California and the county of San Diego.

## II.

## PARTIES

## A.    PLAINTIFF

4.    At all times set forth herein, Plaintiff STEPHANIE KRUEGER was and is a resident of State of California. Plaintiff is employed by Defendant as a non-exempt employee in California.

5.    At all times set forth herein, Plaintiff is a non-exempt "employee" of Defendant, as defined by Government Code § 12926(c), and is a member of a protected class because of her sex. (See Gov. Code § 12926(l).)

**B.**   **DEFENDANTS**

6.     Defendant DIGITAL RISK MORTGAGE SERVICES, LLC is a Corporation operating in California including in the County of San Diego. Defendant's corporate address is 2301 Maitland Center Parkway, Suite #165, Maitland, FL 32751. Defendant employed Plaintiff within California. The violations alleged herein arose in the County of San Diego, California. Defendant has done and does business throughout the State of California.

7.     At all times set forth herein, Defendant has employed five (5) or more employees and is an "employer" as defined by Government Code § 12926(d), and subject to the provisions of the Fair Employment and Housing Act ("FEHA") and other applicable laws.

8.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of the court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

9.     Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein.

10.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee as the employee, agent, spouse, partner, alter-ego, joint-venturer, and/or joint-employer of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of the Defendants acted within the scope of their relationship with and with the permission, consent, and ratification of each of the other Defendants named herein. Furthermore, Defendants acted in all respects as the employers or joint employers. Defendants, and each of them, exercised control over the wages, hours or working conditions of Plaintiff, or suffered or permitted Plaintiff, or engaged, thereby

creating a common law employment relationship, with Plaintiff. Therefore, Defendants, and each of them, employed or jointly employed Plaintiff.

11.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff.

**III.**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12.    On May 5, 2022, Plaintiff filed a timely complaint with the California Department of Fair Employment and Housing ("DFEH") against Defendant regarding the factual allegations and causes of action in this Complaint. Thereafter, Plaintiff received a Right to Sue notice from the DFEH. (See Exhibit A.)

**IV.**

**FACTUAL BACKGROUND**

13.    Defendant hired Plaintiff on or around August 16, 2021 as a Mortgage Underwriter.

14.    Plaintiff worked approximately 40 hours per week and earned $43.00 per hour.

15.    At all relevant times, Plaintiff was a qualified and competent employee.

16.    During Plaintiff's employment, Defendant failed to inform Plaintiff of her right to take compliant meal periods when working shifts over five (5) hours by way of a lawful policy.

17.    When Plaintiff worked more than five (5) hours in a workday, Defendant frequently required Plaintiff to work without being provided a thirty (30) minute uninterrupted meal break and failed to compensate Plaintiff one (1) hour of pay at her regular rate of compensation for each workday that a thirty (30) minute meal period was not provided, was interrupted, or provided after five (5) hours, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders.

18.    Defendant failed to reimburse Plaintiff for necessary business expenses. Plaintiff worked from home. Defendant required her to use her personal cell phone for work and required

her to purchase a computer power cable for Defendant's computer. Defendant failed to reimburse Plaintiff for these necessary business expenses.

19. Throughout her employment, Defendant discriminated against Plaintiff on the basis of sex.

20. Defendant, including Plaintiff's managers, Floyd Pierson and Joseph Phillips, engaged in this discriminatory behavior by treating female employees, including Plaintiff, differently than their male coworkers.

21. For instance, Defendant routinely assigned a heavier workload to Plaintiff and female coworkers while assigning lighter workloads to her male coworkers.

22. Plaintiff's managers assigned harder, lengthier, and more projects to female employees, including Plaintiff, compared to male coworkers. Additionally, Plaintiff's managers often assigned faster moving projects to female employees, including Plaintiff. than to male coworkers.

23. Additionally. despite Defendant broadly encouraging questions, it was harder for female employees to ask questions and have questions answered. By comparison, male employees were able to ask questions and be commended for it. Defendant provided disparate support and opportunities to ask questions.

24. For instance. Floyd Pierson instructed other managers to not answer a female employee's questions.

25. On November 9, 2021, Plaintiff asked Joseph Phillips for help with an assignment. Mr. Phillips inappropriately yelled at Plaintiff and directed her to clock out of work for the rest of the day because he didn't want to speak to her anymore. However, he continued to berate her and eventually admitted she would not have known the answer to the issues she called to ask for help with. He still instructed her to not log onto her computer until she called him and Human Resources the next morning. Mr. Phillips' adversely impacted Plaintiff by causing her to lose work hours, affecting her pay.

26. That same day, on November 9, 2021, Plaintiff submitted a protected complaint to Human Resources to discuss Mr. Phillips' inappropriate conduct towards her. Plaintiff informed

Human Resources that she did not understand why he prohibited her from working and felt she was being "punished" even though she asked for help as she was supposed to do. She asked Human Resources for advice.

27.     In that protected complaint, she also requested information about clocking out for meal breaks.

28.     Human Resources told her Plaintiff they would have a call with Mr. Pierson instead of Mr. Phillips.

29.     On or around November 10, 2021, Human Resources and Mr. Pierson issued a written discipline and training plan to Plaintiff based on pretextual reasons in retaliation for submitting her protected complaints to Human Resources. Plaintiff had never been disciplined prior to this.

30.     Mr. Pierson and Human Resources informed Plaintiff of the written discipline on the phone. However, they did not permit Plaintiff to speak or defend herself.

31.     Mr. Phillips frequently engaged in a condescending manner to Plaintiff, inappropriately accused her of "being sneaky," yelled at her, and treated her poorly.

32.     To Plaintiff's knowledge, the incident with Mr. Phillips was never addressed.

33.     Defendant's discriminatory conduct materially and adversely impacted the terms, conditions, and/or privileges of Plaintiff's employment. Plaintiff's managers refusal to answer legitimate questions, assignment of difficult tasks, and other discriminatory behavior impaired Plaintiff's job performance and/or prospects for advancement or promotion compared to male employees who were not subject to the same treatment by Defendant.

34.     Defendant made unlawful deductions from Plaintiff's paychecks in or around November 2021 for medical and other insurance. On or around November 15, 2021, Plaintiff emailed Human Resources requesting Defendant fix these unlawful wage deductions.

35.     After multiple protected complaints to Human Resources about issues with her pay, discriminatory conduct, and requesting information about her right to proper meal periods, Plaintiff could no longer tolerate the discriminatory and unlawful working conditions. She was left with no choice but to resign on or around November 18, 2021. Defendant constructively

1 | discharged Plaintiff.

2 | 36.    Plaintiff emailed Defendant on November 18, 2021 regarding Defendant's failure
3 | to pay her final paycheck.

4 | 37.    On November 23, 2021, Plaintiff complained to Human Resources that she did not
5 | receive all pay due to her, including wages for her first two weeks of work, bereavement pay, her
6 | last day worked, and unlawful deductions.

7 | 38.    On November 26, 2021 Defendant failed to provide Plaintiff with an accurate
8 | itemized wage statements as required by Labor Code § 226(a). Defendant issued essentially a blank
9 | wage statement to Plaintiff that failed to include any pay details for the pay period.

10 | 39.    On November 29, 2021 Plaintiff informed Defendant that her purported final
11 | paycheck dated November 26, 2021 failed to pay her for all wages owed, failed to pay her for
12 | vacation hours, and erroneously deducted for medical and other insurance premiums.

13 | 40.    Defendant failed to pay Plaintiff all wages due at the time of termination or
14 | resignation.

15 | 41.    Plaintiff brings this action pursuant to Labor Code §§ 98.6, 201, 202, 203, 226(a),
16 | 226.7, 510, 1102.5, 2802; Wage Order 4-2001; and California Code of Regulations, Title 8,
17 | Section 11040; Government Code § 12940; public policy; seeking meal period penalties, and other
18 | penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

19 | 42.    Plaintiff, on behalf of herself, pursuant to Business & Professions Code §§ 17200-
20 | 17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed
21 | from its unlawful conduct as described herein.

22 | **V.**

23 | **FIRST CAUSE OF ACTION**

24 | **DISCRIMINATION BASED ON SEX (GOV. CODE § 12940(a))**

25 | 43.    Plaintiff repeats, re-allege, and incorporate by reference, as though set forth in full
26 | herein, all previous paragraphs in this Complaint.

27 | 44.    This action is brought pursuant to the FEHA (Gov. Code § 12900 *et seq*.), which
28 | prohibits employers and/or employees from discriminating against and harassing employees on

the basis of sex.

45.     At all relevant times, Government Code § 12940 *et seq.* was in full force and effect and was binding on Defendant. This statute imposes certain duties upon Defendant concerning discrimination against persons, such as Plaintiff, on the basis of sex. These statutes were intended to prevent the type of injury and damages set forth in this complaint. Plaintiff was, at all relevant times herein, a member of the class of persons intended to be protected by these statutes

46.     Plaintiff's protected status under the FEHA is her sex, as Plaintiff is a woman.

47.     Defendant, through its agents and/or employees, engaged in the practice of unlawful discrimination on the basis of sex in violation of the FEHA.

48.     Plaintiff was a competent and qualified employee.

49.     Defendant violated this section by treating Plaintiff less favorably than her male coworkers because of her sex.

50.     Defendant subjected Plaintiff to adverse employment actions and Plaintiff was constructively discharged.

51.     Plaintiff's sex was a substantial motivating reason for Defendant's adverse employment actions and constructive discharge of Plaintiff.

52.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, substantial losses in earnings and other employment benefits in an amount within the jurisdiction of this court, according to proof at the time of trial.

53.     As a further direct and legal result of the acts and conduct of Defendant, Plaintiff has been caused to, and did, suffer and continues to suffer shame, humiliation, mental anguish, and emotional distress, the extent of which is not fully known at this time, and the amount of damages caused thereby is not yet fully ascertained, the precise amount to be proven at the time of trial.

54.     The aforementioned acts of Defendant were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were and are done by managerial agents and employees of Defendant, or with the express knowledge, consent, and ratification of managerial employees of Defendant, and thereby

1  justify the awarding of punitive and exemplary damages in an amount to be determined at the time

2  of trial.

3      55.     In addition, pursuant to Government Code § 12965(b), Plaintiff is entitled to her

4  attorneys' fees in prosecuting this lawsuit.

5                                        **VI.**

6                          **SECOND CAUSE OF ACTION**

7                    **RETALIATION (GOV. CODE § 12940(h))**

8      56.     Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in

9  full herein, all previous paragraphs in this Complaint.

10     57.     Plaintiff opposed the discrimination she suffered while employed for Defendant, as

11  described above, including, but not limited to, her protected complaint to Human Resources.

12     58.     As a direct and proximate cause of Plaintiff's opposition, Defendant took adverse

13  actions against her, including but not limited to giving her a written discipline and constructively

14  discharging her.

15     59.     Defendant's behavior constitutes unlawful retaliation against Plaintiff for

16  exercising her legal rights to protest discrimination in the workplace on the basis of sex.

17  Defendant's conduct is unlawful retaliation in violation of the Fair Employment and Housing Act

18  promulgated in Government Code § 12940(h).

19     60.     As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has

20  suffered, and will continue to suffer, substantial losses in earnings and other employment benefits

21  in an amount within the jurisdiction of this court, according to proof at the time of trial.

22     61.     As a further direct and legal result of Defendant's conduct, Plaintiff has been caused

23  to, and did suffer, and continues to suffer severe emotional and mental distress and anguish,

24  humiliation, embarrassment. anger, shock, pain, discomfort, and anxiety, the extent of which is

25  not fully known at this time, and the amount of damages caused thereby is not yet fully ascertained,

26  the precise amount to be proven at the time of trial.

27     62.     The aforementioned acts of Defendant were willful, wanton, malicious, intentional,

28  oppressive, and despicable, and were done in willful and conscious disregard of the rights of

Plaintiff, and were done by managerial agents and employees of Defendant, or with the express knowledge, consent, and ratification of managerial employees of Defendant, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

63.     In addition, pursuant to Government Code § 12965(b), Plaintiff is entitled to her attorneys' fees in prosecuting this lawsuit.

## VII.

## THIRD CAUSE OF ACTION

## RETALIATION (LAB. CODE § 98.6)

64.     Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in full herein, all previous paragraphs in this Complaint.

65.     Labor Code § 98.6 provides that (a) a person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee because the employee engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee made a written or oral complaint that he or she is owed unpaid wages, or because of the exercise by the employee on behalf of himself, herself, or others of any rights afforded him or her.

66.     Pursuant to Labor Code § 98.6(b)(1), an employee who is discharged, threatened with discharge, demoted, suspended, retaliated against, subjected to an adverse action, or in any other manner discriminated against in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer.

67.     Additionally, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of Labor Code § 98.6.

68.     Plaintiff alleges for the reasons set forth herein, that Defendant discriminated, retaliated, and took adverse actions against her after her initial and subsequent protected complaints about unpaid wages, unlawful deductions, and other Labor Code violations detailed herein.

69.     This discrimination and retaliation resulted in Plaintiff's constructive discharge.

70.     As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, substantial losses in earnings and other employment benefits in an amount within the jurisdiction of this court, according to proof at the time of trial.

71.     As a further direct and legal result of Defendant's conduct, Plaintiff has been caused to, and did suffer, and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment. anger, shock, pain, discomfort, and anxiety, the extent of which is not fully known at this time, and the amount of damages caused thereby is not yet fully ascertained, the precise amount to be proven at the time of trial.

72.     The aforementioned acts of Defendant were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendant, or with the express knowledge, consent, and ratification of managerial employees of Defendant, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## VIII.

### **FOURTH CAUSE OF ACTION**

### **RETALIATION (LAB. CODE § 1102.5)**

73.     Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in full herein, all previous paragraphs in this Complaint.

74.     Labor Code § 1102.5 prohibits retaliation by an employer against an employee for disclosing, or believing an employee disclosed or may disclose, any information to any person with authority to investigate, or any public body investigating, violation of a state or federal statute or regulation if the employee has reasonable cause to believe that the information discloses a

violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

75.     Additionally, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of Labor Code § 1102.5.

76.     Defendant violated Labor Code § 1102.5(b) by retaliating against Plaintiff for complaining to Defendant about unlawful conduct.

77.     Plaintiff raised protected complaints of illegality while she worked for Defendant, including but not limited to facts and conduct giving rise to violations of the California Labor Code and the Government Code.

78.     Plaintiff had reasonable cause to believe that the information disclosed unlawful conduct.

79.     The Labor Code prohibits unlawful wage deductions and requires itemized wage statements, full payment of wages, and prompt payment of wages. The FEHA prohibits discrimination based on sex.

80.     Defendant retaliated against Plaintiff by discriminating against her, issuing a written discipline, taking adverse employment actions against her, and constructively discharging her.

81.     Plaintiff's aforementioned complaints were at minimum a contributing factor in Defendant's decision to take such retaliatory actions against her.

82.     As a direct and proximate cause of Defendant's violation of Labor Code § 1102.5, Plaintiff has suffered damages, including, but not limited to, lost wages and work benefits, in a sum to be determined at trial.

83.     As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and embarrassment, all in an amount subject to proof at the time of trial.

84.     The aforementioned acts of Defendant were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of

1  Plaintiff, and were done by managerial agents and employees of Defendant, or with the express

2  knowledge, consent, and ratification of managerial employees of Defendant, and thereby justify

3  the awarding of punitive and exemplary damages in an amount to be determined at the time of

4  trial.

## IX.

### FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION (GOV. CODE § 12940(k))

8  85.   Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in

9  full herein, all previous paragraphs in this Complaint.

10  86.   During the course and scope of Plaintiff's employment, Defendant failed to

11  prevent sex discrimination against Plaintiff in violation of Government Code § 12940(k).

12  87.   Defendant committed unlawful employment practices in violation of Government

13  Code § 12940(k) by failing to prevent the above-alleged acts of discrimination, despite being put

14  on notice about the discrimination, and by failing to cease it from continuing unabated and/or

15  without proper remediation.

16  88.   Defendant had knowledge of the discrimination that Plaintiff suffered, but failed to

17  prevent and adequately remedy it.

18  89.   As a direct and proximate result of the acts and failure to act by Defendant, Plaintiff

19  has suffered injury, damage, loss, and harm, including but not limited to, humiliation,

20  embarrassment, emotional distress, and discomfort, all of which amount to Plaintiff's damage

21  which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven

22  at trial.

23  90.   As a result of the wrongful and unlawful refusal of Defendant to take any

24  reasonable steps necessary to prevent unlawful discrimination and retaliation as set forth in the

25  preceding paragraphs of this Complaint, Plaintiff is entitled to receive an award of statutory

26  attorneys' fees and costs, and hereby requests recovery of her attorneys' fees and costs of suit in

27  an amount according to proof.

28  91.   Defendants committed the acts herein alleged maliciously, fraudulently, and

1 | oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil

2 | motive amounting to malice, in conscious disregard for Plaintiff's rights, or Defendants otherwise

3 | ratified the wrongful conduct of every other Defendant, and thus an award of exemplary and

4 | punitive damages is justified. Plaintiff is therefore entitled to punitive damages, in an amount to

5 | be proven in trial.

6 |      92.    In addition, pursuant to Government Code § 12965(b), Plaintiff is entitled to her

7 | attorneys' fees in prosecuting this lawsuit.

### IX.

### SIXTH CAUSE OF ACTION

### CONSTRUCTIVE DISCHARGE AS WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

12 |      93.    Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in

13 | full herein, all previous paragraphs in this Complaint.

14 |      94.    Jurisdiction is invoked pursuant to the public policy and common law of the State

15 | of California, pursuant to *Tameny v. Atlantic Richfield Company* (1980) 27 Cal. 3d 167.

16 |      95.    Plaintiff suffered multiple instances of discrimination, retaliation, and Labor Code

17 | violations from Defendant.

18 |      96.    Plaintiff complained about the discrimination and issues with her pay, but

19 | Defendant failed to take appropriate remedial action.

20 |      97.    Defendant's conditions of employment were so intolerable that a reasonable person

21 | in Plaintiff's position would have had no reasonable alternative except to resign.

22 |      98.    Defendant intentionally created or knowingly permitted these working conditions.

23 |      99.    Plaintiff resigned because of Defendant's continued unlawful conduct against her.

24 |      100.    Plaintiff's discharge was wrongful in that it violated the fundamental policies of

25 | California that prohibit discrimination on the basis of sex and retaliation against employees under

26 | the FEHA, as embodied in Government Code § 12920 and prohibits retaliation against employees

27 | for exercising their rights under the Labor Code, disclosing and opposing violations of law, and

28 | disclosing working conditions, as embodied in Labor Code §§ 98.6, 232.5, and 1102.5.

101.   As a direct and proximate cause of Defendant wrongfully discharging Plaintiff, Plaintiff has suffered, and will continue to suffer, damages in an amount within the jurisdiction of this court, a sum to be determined at trial.

102.   As a direct and proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and embarrassment, all in an amount subject to proof at the time of trial.

103.   The aforementioned acts of Defendant were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendant, or with the express knowledge, consent, and ratification of managerial employees of Defendant, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## X.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL BREAKS PURSUANT TO LABOR CODE §§ 226.7 AND 512

104.   Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in full herein, all previous paragraphs in this Complaint.

105.   Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of compensation for each meal period the employer fails to provide.  Employees are entitled to a first meal period of at least thirty (30) minutes for each shift over five (5) hours, to be provided within the first five (5) hours of the shift, and a second meal period of at least thirty (30) minutes for shifts over ten (10) hours.

106.   Plaintiff frequently worked over five (5) hour shifts.

107.   During shifts over five (5) hours, Defendant frequently failed to provide Plaintiff with uninterrupted meal breaks of not less than thirty (30) minutes within the first five (5) hours of her shift.

108.  Labor Code § 226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Pursuant to Labor Code § 226.7, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages per missed meal break, in a sum to be proven at trial.

## XI.

### EIGHTH CAUSE OF ACTION

### FAILURE TO REIMBURSE EXPENSES PURSUANT TO LABOR CODE § 2802

109.  Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in full herein, all previous paragraphs in this Complaint.

110.  Labor Code § 2802 requires employers to indemnify employees for all necessary expenditures incurred by employees in the discharge of their duties.

111.  Defendant has failed to reimburse Plaintiff for the cost of using her personal cell phone and a computer power cable for business related purposes when she was working from home.

112.  The work performed by Plaintiff necessitated the use of these items, which were not provided by or paid for by Defendant. As a result, Plaintiff had to use these items and Defendant did not indemnify Plaintiff for the cost.

113.  As a result of the unlawful acts of Defendant, Plaintiff has been deprived of reimbursement in the amounts to be determined a trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs.

## XII.

### NINTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226(a)

114.  Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in full herein, all previous paragraphs in this Complaint.

115.  Labor Code § 226(a) requires that every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing accurately reporting, among other things, gross wages earned, total hours worked, and all

applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

116.    On November 26, 2021 Defendant failed to provide Plaintiff with an accurate itemized wage statements as required by Labor Code § 226(a). Defendant issued essentially a blank wage statement to Plaintiff that failed to include any pay details for the pay period.

117.    Defendant has knowingly and intentionally failed to comply with Labor Code section § 226(a) by failing to issue an accurate itemized wage statement to Plaintiff as described herein.

118.    An employee suffering injury due to a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorneys' fees.

## XIII.

## TENTH CAUSE OF ACTION

## PENALTIES PURSUANT TO LABOR CODE § 203

119.    Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in full herein, all previous paragraphs in this Complaint.

120.    Plaintiff is no longer employed by Defendant.

121.    Defendant's failure to pay wages, as alleged above, was willful in that Defendant knew wages to be due but failed to pay them at the time they were due thus entitling Plaintiff to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

122.    Defendant failed to pay Plaintiff a sum certain at the time of separation, and has failed to pay all of those sums up to thirty (30) days thereafter. Pursuant to the provisions of Labor Code § 203. Plaintiff is entitled to a penalty in the amount of Plaintiff's daily wages multiplied by up to thirty (30) days.

## IX.

### ELEVENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.

123.   Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in full herein, all previous paragraphs in this Complaint.

124.   Plaintiff brings this claim pursuant to Business & Professions Code § 17200, *et seq.* The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

125.   Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

126.   Business & Profession Code § 17200, *et seq.* prohibits unlawful and unfair business practices.

127.   California's wage and hour laws express fundamental public policies. Providing employees with proper wages, meal breaks, and premiums, are fundamental public policies of this State and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

128.   Defendant violated these statutes and public policies through the conduct alleged in this Complaint including Defendant's failure to allow meal periods, and by discriminating and retaliating against Plaintiff, among other violations. Defendant has violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, *et seq.*, depriving Plaintiff of rights, benefits, and privileges guaranteed to all employees under law.

129.   The acts and practices alleged above have unlawfully deprived Plaintiff of the rights

1  due to her under the law while enabling Defendant to gain an unfair competitive advantage over

2  law-abiding employers and competitors.

3       130.   Defendant's conduct, as alleged hereinabove, constitutes unfair competition in

4  violation of § 17200, *et seq*. of the Business & Professions Code.

5       131.   Defendant, by engaging in the conduct herein alleged, either knew or in the exercise

6  of reasonable care, should have known that the conduct was unlawful. As such it is a violation of

7  § 17200, *et seq*. of the Business & Professions Code.

8       132.   As a direct and proximate result of the above-mentioned acts of Defendant, Plaintiff

9  has suffered a loss of money and property in the form of wages and benefits that she would have

10  continued to receive as an employee of Defendant.

11       133.   Plaintiff seeks an order of this court awarding restitution, injunctive relief, and all

12  other legal and equitable relief allowed under Business & Professions Code § 17200 *et seq*., plus

13  interest, attorneys' fees and costs pursuant to, inter alia, Code of Civil Procedure § 1021.5.

14                          **PRAYER FOR RELIEF**

15       WHEREFORE, Plaintiff seeks judgment against Defendant, Does 1 through 50, inclusive,

16  and each of them, as follows:

17       1.   For special damages, according to proof;

18       2.   For general and compensatory damages for mental pain and suffering, according to

19  proof;

20       3.   For punitive damages in an amount appropriate to punish Defendant and deter

21  others from engaging in similar misconduct, according to proof;

22       4.   For all compensatory damages in the form of consequential, and incidental

23  damages, including but not limited to back pay, loss of earnings and employee benefits and

24  damages for emotional distress, according to proof;

25       5.   For compensatory damages in the amount of Plaintiff's regular rate of

26  compensation for each missed or deficient meal break where no premium pay was paid from four

27  (4) years prior to the filing of this action to the present, as may be proven;

28       6.   For penalties pursuant to Labor Code § 226(e) for violation of Labor Code § 226(a)

in the amount of fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000);

7.     For penalties pursuant to Labor Code § 203 equal to Plaintiff's daily wage times the number of days Defendant failed to pay all wages due to Plaintiff, up to thirty (30) days;

8.     For civil penalties up to $10,000 for each violation under Labor Code §§ 98.6 and 1102.5;

9.     For compensatory damages in the amount of Plaintiff's unreimbursed out of pocket expenses as a requirement of employment;

10.    An award of prejudgment and post judgment interest;

11.    For restitution for unfair competition pursuant to Business & Professions Code § 17200, *et seq.*, including disgorgement or profits, in an amount as may be proven;

12.    An award providing for payment of costs of suit;

13.    An award of reasonable attorneys' fees and costs; and

14.    Such other and further relief as this Court may deem proper and just.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

DATED: May 6, 2022                    KINGSLEY & KINGSLEY, APC

                                      By:  _____
                                           Liane Katzenstein Ly
                                           Jessica L. Adlouni
                                           Attorneys for Plaintiff

EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

May 5, 2022

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202205-16917005
Right to Sue: Krueger / Digital Risk Mortgage Services, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 · Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

May 5, 2022

Stephanie Krueger
c/o Kingsley & Kingsley, APC 16133 Ventura Boulevard Suite 1200
Encino, CA 91436

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202205-16917005
Right to Sue: Krueger / Digital Risk Mortgage Services, LLC

Dear Stephanie Krueger:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 5, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Stephanie Krueger

DFEH No. 202205-16917005

Complainant,

vs.

Digital Risk Mortgage Services, LLC
2301 Maitland Center Parkway, Suite #165
Maitland, FL 32751

Respondents

---

1. Respondent **Digital Risk Mortgage Services, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Stephanie Krueger**, resides in the City of **Encino**, State of **CA**.

3. Complainant alleges that on or about **November 29, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender and as a result of the discrimination was terminated, forced to quit, reprimanded, denied any employment benefit or privilege, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, forced to quit, reprimanded, denied any employment benefit or privilege, other, denied work opportunities or assignments.

**Additional Complaint Details:** Stephanie Krueger worked for Digital Risk Mortgage Services, LLC ("Digital Risk") from approximately August 16, 2021 to November 18, 2021 as a mortgage underwriter. She was a qualified and competent employee. During her

-1-
*Complaint – DFEH No. 202205-16917005*

Date Filed: May 5, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1   employment, Ms. Krueger suffered discrimination on the basis of sex and retaliation. Digital
    Risk failed to take all reasonable steps necessary to prevent discrimination and Ms. Krueger
2   was constructively discharged.

3   Ms. Krueger's managers, Floyd Pierson and Joseph Phillips discriminated against female
    employees, including Ms. Krueger, by treating them differently than their male coworkers.
4   For instance, Ms. Krueger's managers routinely assigned a heavier workload to her and
    female coworkers while assigning lighter workloads to male coworkers. Additionally, Ms.
5   Krueger's managers failed to support female coworkers in the same manner as male
    coworkers.
6

7   On or around November 9, 2021, Ms. Krueger asked Mr. Phillips for help with an
    assignment and Mr. Phillips inappropriately yelled at her and directed her to clock out of
8   work for the rest of the day, adversely affecting her pay. Ms. Krueger reported Mr. Phillips'
    conduct to human resources. The next day, Human Resources and Mr. Pierson issued a
9   written discipline and training plan to Ms. Krueger based on pretextual reasons in retaliation
    for submitting her protected complaint to Human Resources. To Ms. Krueger's knowledge,
10  the incident with Mr. Phillips was never addressed.

11  Digital Risk's discriminatory conduct materially and adversely impacted the terms,
    conditions, and/or privileges of Ms. Krueger's employment. Ms. Krueger could no longer
12  tolerate the discriminatory and unlawful working conditions and was left with no choice but to
    resign on or around November 18, 2021. Digital Risk constructively discharged Ms. Krueger.
13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                  -2-
                                  *Complaint – DFEH No. 202205-16917005*
27
    Date Filed: May 5, 2022
28
                                                            Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Jessica Adlouni**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On May 5, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Lemoore, CA**

-3-
Complaint – DFEH No. 202205-16917005

Date Filed: May 5, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| KINGSLEY & KINGSLEY, APC<br>ERIC B. KINGSLEY, Esq. (SBN 185123) eric@kingsleykingsley.com<br>LIANE KATZENSTEIN LY, Esq. (SBN 259230) lliane@kingsleykingsley.com<br>JESSICA L. ADLOUNI, Esq. (SBN 326571) jessica@kingsleykingsley.com<br>16133 Ventura Blvd., Suite 1200, Encino, CA 91436<br>  TELEPHONE NO.: (818) 990-8300        FAX NO. *(Optional):*  (818) 990-2903<br>  E-MAIL ADDRESS:<br>  ATTORNEY FOR *(Name):* Stephanie Krueger, Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**05/06/2022** at 10:02:42 AM<br>Clerk of the Superior Court<br>By Nora Lopez,Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego<br>  STREET ADDRESS: 330 W Broadway<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: San Diego, CA 92101<br>  BRANCH NAME: CENTRAL DIVISION - HALL OF JUSTICE | |
| CASE NAME:  STEPHANIE KRUEGER V. DIGITAL RISK MORTGAGE SERVICES, LLC | |

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded        demanded is<br>exceeds $25,000)    $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2022-00017248-CU-OE-CTL |
| | | JUDGE:<br>DEPT.:   Judge Richard S. Whitney |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):*  ELEVEN (11)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:  May 6, 2022

Jessica L. Adlouni
_____        ▶ _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ] [ Save this form ]  [ Clear this form ]

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7066 |

| PLAINTIFF(S) / PETITIONER(S): | Stephanie Krueger |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Digital Risk Mortgage Services LLC |

KRUEGER VS DIGITAL RISK MORTGAGE SERVICES LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2022-00017248-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Richard S. Whitney                                      Department: C-68

**COMPLAINT/PETITION FILED:** 05/06/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/21/2022 | 09:30 am | C-68 | Richard S. Whitney |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged.  The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days. and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00017248-CU-OE-CTL      CASE TITLE: Krueger vs Digital Risk Mortgage Services LLC [IMAGED]

<u>**NOTICE:**</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

> (1) this **Alternative Dispute Resolution (ADR) Information** form (SDSC form #CIV-730),
> (2) the **Stipulation to Use Alternative Dispute Resolution (ADR)** form (SDSC form #CIV-359), <u>*and*</u>
> (3) the **Notice of Case Assignment** form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  330 West Broadway | |
| MAILING ADDRESS:  330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:  Central | |

| PLAINTIFF(S):  Stephanie Krueger |
| DEFENDANT(S): Digital Risk Mortgage Services LLC |
| SHORT TITLE:  KRUEGER VS DIGITAL RISK MORTGAGE SERVICES LLC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2022-00017248-CU-OE-CTL |
|---|---|

Judge: Richard S. Whitney                                         Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____


_____          _____
Name of Plaintiff                                 Name of Defendant


_____          _____
Signature                                         Signature


_____          _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney


_____          _____
Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated:  05/09/2022                                _____
                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION        Page: 1

MAY 1 2 2022